The Honorable Benjamin H. Settle

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11  UNITED STATES OF AMERICA,           )        NO. CR11-5232BHS
                                        )
                        Plaintiff,      )
12                                      )
                                        )
13              v.                      )
                                        )
14  MARK SKILES,                        )
                                        )
15                      Defendant.      )
                                        )

16

17                  **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

18                              **(Cited)**

19                      DATED: October 12, 2011

20                      Respectfully submitted,

21                      JENNY A. DURKAN
22                      United States Attorney

23

24                      s/ Nicholas W. Brown
                        NICHOLAS W. BROWN
25                      ROGER ROGOFF
                        Assistant United States Attorneys
26                      United States Attorney's Office
                        700 Stewart Street, Suite 5220
27                      Phone: 206-553-5127
                        Fax:   206-553-0755
28                      E-mail: nicholas.brown@usdoj.gov

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS/SKILES - 1
(CR11-5232BHS)

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 1

## INSTRUCTION NO. ___

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. These are preliminary instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

Ninth Circuit Model Jury Instruction - 1.1 (2000 Edition)

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 2**

**INSTRUCTION NO. ___**

This is a criminal case brought by the United States government.  The government charges the defendant, Mark Skiles, with various crimes.  The charges are contained in an indictment.

1.      Count One of the indictment charges the defendant with Conspiracy to Unlawfully Deal in Firearms.

2.      Count Two charges the defendant with Unlawfully Dealing in Firearms.

An indictment is simply the description of the charges made by the government against the defendant; it is not evidence of anything.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes which the government must prove to make its case.  These instructions are preliminary, and the instructions I will give you at the end of the case will control.

The defendant is charged in Count One of the indictment with conspiring to Commit Unlawfully Deal in Firearms.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, within the last five years, and continuing through on or about November 15, 2010, there was an agreement between two or more persons to commit the crime of unlawfully dealing in firearms;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it;

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.  You must all agree on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful.  A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy.  The government is not required to prove that the defendant personally did one of the overt acts.

Count Two of the Indictment charges defendant with unlawfully dealing in firearms.  To convict the defendant of this charge, the government must prove each of the following:

First, the defendant was willfully engaging in the business of dealing firearms; and

Second, that he did not have a federal firearms license.

The term "engage in the business of" is defined as:  a person who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms, but shall not include a person who makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby or who sells all or part of a personal collection.

Again, the indictment is simply a description of the charges made by the government against the defendant.  The indictment is not evidence.  The defendant has pleaded not guilty to the charges and is presumed innocent unless and until proved guilty beyond a reasonable doubt. A defendant has the right to remain silent and never has to prove innocence or present any evidence.

Ninth Circuit Model Jury Instruction - 1.2 (2000 edition) (modified to include elements of Instruction 8.16, 8.101, and 8.103).

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 3

## INSTRUCTION NO. ___

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits which are to be received into evidence; and

3.    any facts to which all the lawyers stipulate.

Ninth Circuit Model Jury Instruction - 1.3 (2000 Edition)

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 4

## INSTRUCTION NO. ___

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

        1.     statements and arguments of the attorneys;

        2.     questions and objections of the attorneys;

        3.     testimony that I instruct you to disregard; and

        4.     anything you may see or hear when the court is not in session even

if what you see or hear is done or said by one of the parties or by

one of the witnesses.

Ninth Circuit Model Jury Instruction - 1.4 (2000 Edition)

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 5**

**INSTRUCTION NO. ___**

Some evidence is admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Ninth Circuit Model Jury Instruction - 1.5 (2000 Edition)

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 6

## INSTRUCTION NO. ___

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.  You are to consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Jury Instruction - 1.6 (2000 Edition)

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 7

## INSTRUCTION NO. ___

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

Ninth Circuit Jury Instruction - 1.7 (2000 Edition)

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 8**

**INSTRUCTION NO. ___**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

      1.    the opportunity and ability of the witness to see or hear or know the things testified to;

      2.    the witness' memory;

      3.    the witness' manner while testifying;

      4.    the witness' interest in the outcome of the case and any bias or prejudice;

      5.    whether other evidence contradicted the witness' testimony;

      6.    the reasonableness of the witness' testimony in light of all the evidence; and

      7.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Ninth Circuit Model Jury Instruction - 1.8 (2000 Edition)

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 9

## INSTRUCTION NO. ___

I will now say a few words about your conduct as jurors.

Until the trial is over:

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the  clerk to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

Ninth Circuit Model Jury Instruction - 1.9 (2000 Edition)

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 10**

**INSTRUCTION NO. ___**

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

Ninth Circuit Model Jury Instruction - 1.10 (2000 Edition)

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 11

## INSTRUCTION NO. ___

If you wish, you may take notes to help you remember what witnesses said.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note taking distract you so that you do not hear other answers by witnesses.  When you leave, your notes should be left in the [court room] [jury room].

Whether or not you take notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

Ninth Circuit Model Jury Instruction - 1.11 (2000 Edition)

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 12

## INSTRUCTION NO. ___

The next phase of the trial will now begin.  First, an attorney for the government and an attorney for each defendant may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, the defendant may present evidence and counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Ninth Circuit Model Jury Instruction - 1.12 (2000 Edition)

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 13**

**INSTRUCTION NO. ___**

We are about to take our first break.  Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.  This includes discussing the case in Internet chat rooms or through Internet blogs, Internet bulletin boards, emails or text messaging.  If anyone tries to communicate with you about the case, please let me know about it immediately.  Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information.  Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

Ninth Circuit Model Jury Instruction - 2.1 (2010 Edition)

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 14

## INSTRUCTION NO. ___

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench or, when necessary, by calling a recess.

We will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.

Ninth Circuit Model Jury Instruction - 2.2 (2010 Edition)

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 15

## INSTRUCTION NO. ____

The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.

Ninth Circuit Model Jury Instruction 2.4 - (2010 Edition)

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 16**

**INSTRUCTION NO. ___**

You are about to hear evidence that [*describe evidence to be received for limited purpose*].  I instruct you that this evidence is admitted only for the limited purpose of [*describe purpose*] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

Ninth Circuit Model Jury Instruction - 2.11 (2010 Edition)

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 17**

**INSTRUCTION NO. ___**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Ninth Circuit Model Jury Instruction - 3.1 (2000 Edition)

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 18**

**INSTRUCTION NO. ___**

An indictment is not evidence.  The defendant has pleaded not guilty to the charge.  A defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charge beyond a reasonable doubt.

Ninth Circuit Model Jury Instruction - 3.2 (2000 Edition)

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 19**

**INSTRUCTION NO. ___**

A defendant in a criminal case has a constitutional right not to testify.  No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that a defendant did not testify.

Ninth Circuit Model Jury Instruction - 3.3 (2000 Edition)

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 20

## INSTRUCTION NO. ___

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Model Jury Instruction - 3.4 (2010 Edition)

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 21**

**INSTRUCTION NO. ___**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Ninth Circuit Model Jury Instruction - 3.5 (2000 Edition)

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 22

## INSTRUCTION NO. ___

The evidence from which you are to decide what the facts are consists of:

1.     the sworn testimony of any witness;

2.     the exhibits which have been received into evidence; and

3.     any facts to which all the lawyers have stipulated.

Ninth Circuit Model Jury Instruction - 3.6 (2000 Edition)

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 23**

**INSTRUCTION NO. ___**

In reaching your verdict you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, or will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the question, the objection, or the court's ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4.      Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Model Jury Instruction - 3.7 (2000 Edition)

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 24**

**INSTRUCTION NO. ___**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly.  You are to consider both kinds of evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Jury Instruction - 3.8 (2000 Edition)

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 25**

**INSTRUCTION NO. ___**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

     1.    the opportunity and ability of the witness to see or hear or know the things testified to;

     2.    the witness' memory;

     3.    the witness' manner while testifying;

     4.    the witness' interest in the outcome of the case and any bias or prejudice;

     5.    whether other evidence contradicted the witness' testimony;

     6.    the reasonableness of the witness' testimony in light of all the evidence; and

     7.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Ninth Circuit Model Jury Instruction - 3.9 (2000 Edition)

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 26**

**INSTRUCTION NO. ___**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the Indictment.  Your determination must be made only from the evidence in the case.  The defendant is not on trial for any conduct or offense not charged in the Indictment.  You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of a defendant, only as they relate to this charge.

Ninth Circuit Model Jury Instruction - 3.10 (2000 Edition)(Modified)

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 27**

**INSTRUCTION NO. \_\_\_**

You have heard testimony from Kenneth Gussoni, a witness who entered into a plea agreement with the government.  Kenneth Gussoni pleaded guilty to a crime arising out of the same events for which the defendant is on trial.  This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability.  Kenneth Gussoni agreed to testify at this trial as part of the plea agreement.

For these reasons, in evaluating the testimony of Kenneth Gussoni, you should consider the extent to which or whether her testimony may have been influenced by any of these factors. In addition, you should examine the testimony of Kenneth Gussoni with greater caution than that of other witnesses.

Ninth Circuit Model Jury Instruction - 4.9 (2010 Edition)

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 28**

**INSTRUCTION NO. ___**

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Model Jury Instruction - 4.17 (2000 Edition) (Rev. 3/2002)

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 29**

**INSTRUCTION NO. ___**

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted in evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Ninth Circuit Model Jury Instruction - 4.15 (2010 Edition)

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 30

## INSTRUCTION NO. ___

Certain charts and summaries have been received into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

Ninth Circuit Model Jury Instruction - 4.19 (2000 Edition)

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 31**

**INSTRUCTION NO. ___**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that a defendant knew that his acts or omissions were unlawful.  You may consider evidence of a defendant's words, acts, or omissions, along with all the other evidence, in deciding whether a defendant acted knowingly.

Ninth Circuit Model Jury Instruction - 5.6 (2000 Edition) (Rev. 3/2002)

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 32**

**INSTRUCTION NO. ___**

When you begin your deliberations, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Ninth Circuit Model Jury Instruction - 7.1 (2000 Edition)

**<u>PLAINTIFF'S PROPOSED INSTRUCTION NO. 33</u>**

**<u>INSTRUCTION NO. ___</u>**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Ninth Circuit Model Jury Instruction - 7.2 (2000 Edition)

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 34

## INSTRUCTION NO. ____

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by the notes.

Ninth Circuit Model Jury Instruction - 7.3 (2000 Edition)

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 35**

**INSTRUCTION NO. ____**

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Ninth Circuit Model Jury Instruction - 7.4 (2000 Edition)

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 36

## INSTRUCTION NO. ___

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Ninth Circuit Model Jury Instruction - 7.6 (2000 Edition)

1    **PLAINTIFF'S PROPOSED INSTRUCTION NO. 37**

2    **INSTRUCTION NO. ___**

3        The defendant is charged in Count One of the indictment with Conspiracy to Unlawfully

4    Deal in Firearms, in violation of Section 371 of Title 18 of the United States Code.  In order for

5    the defendant to be found guilty of that charge, the government must prove each of the following

6    elements beyond a reasonable doubt:

7        First, beginning within the last five years and ending on or about November 15, 2010,

8    there was an agreement between two or more persons to commit at least one crime as charged in

9    the indictment; and

10        Second, the defendant became members of the conspiracy knowing of at least one of its

11    objects and intending to help accomplish it; and

12        Third, one of the members of the conspiracy performed at least one overt act for the

13    purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you

14    find was committed.

15        I shall discuss with you briefly the law relating to each of these elements.

16        A conspiracy is a kind of criminal partnership -- an agreement of two or more persons to

17    commit one or more crimes.  The crime of conspiracy is the agreement to do something

18    unlawful; it does not matter whether the crime agreed upon was committed.

19        For a conspiracy to have existed, it is not necessary that the conspirators made a formal

20    agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that

21    they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped

22    one another.  You must find that there was a plan to commit at least one of the crimes alleged in

23    the indictment as an object of the conspiracy with all of you agreeing as to the particular crime

24    which the conspirators agreed to commit.

25        One becomes a member of a conspiracy by willfully participating in the unlawful plan

26    with the intent to advance or further some object or purpose of the conspiracy, even though the

27    person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who

28    willfully joins an existing conspiracy is as responsible for it as the originators.  On the other

hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful.  A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy.  The government is not required to prove that the defendant personally did one of the overt acts.

Ninth Circuit Model Jury Instruction - 8.16 (2000 Edition).

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 38**

**INSTRUCTION NO. ___**

The defendant is charged in Count Two of the Indictment with Unlawful Dealing in Firearms, in violation of Section 922(a)(1) of Title 18 of the United States Code.  In order for a defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant was willfully engaged in the business of dealing in firearms, between November 15, 2005 and November 15, 2010; and

Second, the defendant did not have a license as a firearms dealer.

Ninth Circuit Model Jury Instruction - 8.45 (2000 Edition)

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 39**

**INSTRUCTION NO. ___**

Willfully means that the defendant knew that his conduct was unlawful, but does not require proof that the defendant knew of the federal licensing requirement.

Comment, Ninth Circuit Model Jury Instruction 8.45

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 40**

**INSTRUCTION NO. ___**

As applied to a dealer in firearms, the term "engaged in the business" means a person who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms, but such term shall not include a person who makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms.

For a person to engage in the business of dealing in firearms, it is not necessary to prove that buying and selling firearms was the defendant's primary source of income, or to prove a specific number of sales, or to prove a specific dollar volume of sales, or to prove that the defendant necessarily made a profit from it.

Comment, Ninth Circuit Model Jury Instruction No. 8.45 (modified)

*United States v. Beecham*, 993 F.2d 1539 (4th Cir. 1993)

## PLAINTIFF'S PROPOSED INSTRUCTION NO. 41

## INSTRUCTION NO. _____

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

Ninth Circuit Model Jury Instruction 7.5

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney of record for the defendant.

s/ *Andrew Fuller*
Andrew Fuller
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-5127
FAX:   (206) 553-0755
E-mail: andrew.fuller@usdoj.gov