The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MARK SKILES, <br><br> Defendant. | NO.   CR 11-05232 BHS <br><br> GOVERNMENT'S MOTIONS *IN LIMINE* REGARDING CRIMINAL HISTORY OF KENNETH GUSSONI AND CERTAIN CIRCUMSTANCES OF SEARCH WARRANT AT GUSSONI'S HOUSE |

## I. INTRODUCTION

The United States of America, by Jenny A. Durkan, United States Attorney for the Western District of Washington, and Roger Rogoff and Nicholas Brown, Assistant United States Attorneys for said District, submits this Motion in Limine.

Defendant Mark Skiles ("Defendant") is charged in the Indictment with one count of Conspiracy to Unlawfully Deal in Firearms and one count of Unlawfully Dealing Firearms. Trial is scheduled to begin on October 18, 2011, and is expected to last approximately three days.

## II. BACKGROUND

On Friday, September 30, 2011, Defendant's former co-defendant, Kenneth Gussoni, pled guilty to one count of Conspiracy to Unlawfully Deal in Firearms. On October 5, 2011, Gussoni submitted to a proffer interview with government agents, wherein he described his participation in the charged offenses. He also talked about

GOVERNMENT'S MOTION *IN LIMINE* REGARDING
CRIMINAL HISTORY AND CIRCUMSTANCES OF
SEARCH WARRANT - 11-5232 BHS — 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

Defendant Skiles' participation in the same offenses. The government decided to place Gussoni on their witness list, and may call him as a witness at trial. A review of the discovery produced to defense counsel revealed that only Gussoni's Washington criminal history had been previously provided. The Government has since provided the complete criminal history to the defense.

During the course of the investigation, Bureau of Alchohol, Tobacco, and Firearms (ATF) Agents served a search warrant at Kenneth Gussoni's home. Inside the home, they found more than 120 handguns and long guns, along with other evidence that inculpated both Gussoni and Defendant Skiles. Upon entering Gussoni's home, agents did not receive a response to their initial knock. They entered the house forcibly and were immediately confronted by Gussoni's dog. Agents felt threatened by the dog, and thus shot and killed it.

Gussoni has the following criminal history:

1. 1978 - Convictions for Receiving Stolen Property and Tampering with a Vehicle;
2. 1993 - DUI and Hit and Run. Gussoni was arrested, but charges were dismissed;
3. 2003 - Gussoni was sentenced to 12 months plus one day for a 1988 conviction for a Violation of the Uniform Controlled Substances Act; and
4. 2003 - Gussoni was sentenced to four months in jail for a 2002 conviction of Possession of Stolen Property in the First Degree.

The government moves to exclude evidence of all of Gussoni's criminal history except for the plea he entered in the current case and his 2002 conviction for Possession of Stolen Property.

//
//
//
GOVERNMENT'S MOTION *IN LIMINE* REGARDING
CRIMINAL HISTORY AND CIRCUMSTANCES OF
SEARCH WARRANT - 11-5232 BHS — 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

### III. ARGUMENT

#### A. THE DEATH OF GUSSONI'S DOG

Evidence is relevant if it tends to make a fact of consequence to the action more or less likely. Fed.R.Evid. 401. Here, while tragic, the death of Gussoni's dog is simply not relevant to any fact of consequence in this case. It makes neither the defense theory more likely true, nor the prosecution's theory more likely true. It is simply a fact that would serve to distract the jury. Thus, the Court should exclude any mention of it.

#### B. GUSSONI'S 1977 CONVICTIONS

Gussoni's convictions for Receiving Stolen Property and Tampering with a Vehicle occurred more than 33 years ago. Evidence of a conviction is not admissible if a period of more than ten years has elapsed since the date of the conviction. Fed.R.Evid 609(b). Only if the Court determines that the probative value of the conviction, supported by specific facts and circumstances substantially outweighs its prejudicial effect, should the court admit the evidence..

In this case, there is nothing about a property conviction that occurred 33 years ago that has any impact on the instant case. As such, the Court should exclude any mention of Defendant's criminal history from California in the 1970s.

#### C. GUSSONI'S CONVICTION FOR A 1988 DRUG CHARGE & 2003 STOLEN PROPERTY CONVICTION

For the purpose of attacking the character for truthfulness of a witness, evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and the probative value of admitting the evidence outweighs its prejudicial effect. Fed.R.Evid 609(a)(1)

In the present case, an there is no evidence as to the type of drug crime that Gussoni committed, nor how conviction for this crime has anything to do with his honesty or dishonesty in 2011. Evidence of this conviction is therefore inadmissible. However, the Government agrees that Gussoni's 2003 Possession of Stolen Property conviction is

GOVERNMENT'S MOTION *IN LIMINE* REGARDING
CRIMINAL HISTORY AND CIRCUMSTANCES OF
SEARCH WARRANT - 11-5232 BHS — 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

admissible should the government call Gussoni as a witness.

### D.   GUSSONI'S DUI / HIT AND RUN ARREST IN 1993

These misdemeanors, which do not appear to be convictions, carry possible sentences of only one year. Thus, they are not admissible under the evidence rules. Moreover, they do not have anything to do with Gussoni's truthfulness.

Evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness. Fed.R.Evid 609(a)(2). The elements of these crimes, if they were convictions, have nothing to do with dishonesty. Moreover, the crimes are more than 10 years old, and should be excluded. Fed.R.Evid 609(b). The court should exclude evidence of these arrests/charges.

### IV.  CONCLUSION

The government respectfully requests that the Court grant the government's motions to exclude evidence of the Gussoni's criminal history and the death of his dog. Based on Evidence Rules 609, 401 and 403, such evidence is inadmissible.

DATED this 15th day of October, 2011.

Respectfully submitted,

JENNY A. DURKAN
United States Attorney

_____
ROGER ROGOFF
NICHOLAS BROWN
Assistant United States Attorneys

GOVERNMENT'S MOTION *IN LIMINE* REGARDING
CRIMINAL HISTORY AND CIRCUMSTANCES OF
SEARCH WARRANT - 11-5232 BHS — 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 15, 2011 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney(s) of record for the defendant(s). I hereby certify that I have served the attorney(s) of record for the defendant(s) that are non CM/ECF participants via telefax.

/s/ Roger S. Rogoff
ROGER ROGOFF
Assistant U.S. Attorney
United States Attorney's Office
700 Stewart Street, Ste. 5220
Seattle, Washington 98101
Phone: (206) 553-4330
Fax:   (206) 553-2502
E-mail: roger.rogoff@usdoj.gov

GOVERNMENT'S MOTION IN LIMINE REGARDING
CRIMINAL HISTORY AND CIRCUMSTANCES OF
SEARCH WARRANT - 11-5232 BHS — 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970